Argued July 8, affirmed December 19, 1974

## MT. HOOD RADIO & TELEVISION BROAD-CASTING CORPORATION, *Appellant, v.* DRESSER INDUSTRIES, INC., *Respondent.*

**530 P2d 72**

*I. Franklin Hunsaker, III,* Portland, argued the cause for appellant. With him on the briefs were Darrel L. Johnson, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

*J. Laurence Cable,* Portland, argued the cause for respondent. With him on the brief were Roland F. Banks, Jr., Ridgway K. Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'Connell, Chief Justice, and McAllister, Denecke,* Holman, Howell and Bryson, Justices.

HOLMAN, J.

This is a products liability action to recover damages caused by the collapse of a television tower owned by plaintiff and designed and constructed by defendant. Defendant demurred to plaintiff's complaint, claiming that the action had not been commenced within the time limit permitted by statute. The trial court sustained defendant's demurrer and entered judgment in favor of defendant, plaintiff having refused to plead further.

In 1954, defendant designed and constructed for plaintiff the tower in question. It fell in 1971, allegedly due to a defective guy line insulator assembly. Defendant's demurrer asserted that the cause of action was barred by the provisions of ORS 12.115 (1) and/or ORS 12.135.

The first-mentioned statute provides as follows:

ORS 12.115(1). "In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

Plaintiff contends that this statute has no application because (1) it does not apply to cases other than those based upon negligence; (2) the cause of action did not "accrue" until the actual harm occurred and therefore is governed by ORS 12.110 (1); and (3) if construed as running from the date of the wrongful act instead of from the infliction of the injury, the statute is unconstitutional.

---

* Denecke, J., did not participate in the decision of this case.

We have decided this day the case of *Johnson v. Star Machinery Company*, 270 Or 694, 530 P2d 53 (1974), which involved exactly the same contentions and problems. We there held contrary to plaintiff's contentions. That decision, therefore, is dispositive of this case if ORS 12.115, as applied to the present situation, has not been supplanted by ORS 12.135.

Plaintiff admits that ORS 12.135 would normally be applicable to this particular situation because it specifically applies to actions against those responsible for the construction of improvements upon real property. It provides:

> ORS 12.135. "(1) An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within 2 years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property.
>
> "* * * * *"

Plaintiff argues, however, that the statute is not applicable to the present situation because of the chronology of events. The tower was constructed in 1954 and collapsed in February of 1971. ORS 12.135 did not become effective until after the latter date. After the effective date of the statute, plaintiff filed this proceeding. Plaintiff argues (1) the statute does not apply retroactively; (2) if it can be applied retroactively it must provide for a reasonable time within

which an accrued claim could be enforced prior to being barred, which it does not; and (3) the statute is unconstitutional because it is violative of the Oregon Constitution, Art. I, § 20, and the equal protection clause of the United States Constitution.

We do not have to decide whether one or all of plaintiff's contentions are correct since, in any case, ORS 12.115 (1) is applicable if ORS 12.135 is not. The argument can be made that ORS 12.115 (1) was not intended to apply to this type of case; otherwise, there would have been no necessity to enact ORS 12.135 at a later date. We answered this argument in *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971), which was an action brought against architects and engineers for damages resulting from the collapse of the roof of a building constructed 17 years earlier. We held that ORS 12.115 (1) applied, since ORS 12.135 was enacted too late to be applicable. In that case we said:

> "* * * We are not impressed with such a contention. It is general knowledge that enactments such as we are dealing with here do not just spontaneously occur but are proposed to the legislature by affected groups. It would not have been logical for the groups affected by the 1971 enactment [ORS 12.135] to stand by and take a chance on the construction which this court would give ORS 12.115 (1) when the matter could be foreclosed for the future by legislative enactment." *Josephs v. Burns & Bear, supra* at 500.

Since ORS 12.115 (1) is applicable if ORS 12.135 is not, there is no object in this court's deciding the applicability of the latter statute to the particular facts of this case.

The judgment of the trial court is affirmed.