**Robert B. HERMANSON,**
**Plaintiff—Appellant,**

v.

**LOCKHEED MARTIN**
**CORPORATION, Defendant—Appellee.**

No. 02–16736.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 19, 2003.

J. Thomas Hale, Reno, NV, Beau Sterling, Esq., Daniel F. Polsenburg, Esq., Beckley Singleton, Las Vegas, NV, for Plaintiff–Appellant.

Michael D. Hoy, Esq., Bible, Hoy & Trachok, Reno, NV, for Defendant–Appellee.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM **

The district court did not abuse its discretion by denying Hermanson's motion for reconsideration. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Hermanson asserted two legal arguments in support of his motion for reconsideration. The district court rejected one because it was raised for the first time in the motion for reconsideration, and rejected the other based on the language of the written employment contract. Hermanson does not seem to challenge either of these rulings on appeal, but instead argues a number of new issues, most of which were never presented to the district court in the underlying summary judgment motion, much less in the motion for reconsideration. The district court did not abuse its discretion by failing to consider arguments that were never put to it. To the extent Hermanson does raise issues which were included in his motion for reconsideration, he has not demonstrated that the district court abused its discretion in denying the motion.[1]

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent appellee's Opposition to Appellant's Motion to File Late Brief should be construed as a motion to strike portions of

---

appellant's opening brief, that motion is denied as moot.

