NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERT HAYES,

               Plaintiff - Appellant,

  v.

W. ROSSER, Individual, employed as a
correctional officer; et al.,

               Defendants - Appellees,

  and

SULLIVAN, individual and official
capacity (first name unknown),

               Defendant.

No. 09-56495

D.C. No. 2:08-cv-02755-CJC-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 22, 2010[**]

Before:     WALLACE, HAWKINS and THOMAS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not clearly err by concluding that Albert Hayes ("Hayes") still had administrative remedies available to him once he received a copy of the first-level response to his grievance. *See* Cal. Code Regs. tit. 15 § 3085(b). Accordingly, dismissal of his action for failure to exhaust administrative remedies was proper. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (the proper remedy for non-exhaustion is dismissal without prejudice).

The district court did not abuse its discretion by denying Hayes's post-judgment motion to correct the docket. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 315 F.3d 1255, 1262-63 (setting forth standard of review and requirements for reconsideration under Federal Rule of Civil Procedure 60(b)).

**AFFIRMED.**