**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS HANTGES,<br><br>　　　　　Debtor - Appellant,<br><br>　v.<br><br>MICHAEL W. CARMEL,<br><br>　　　　　Trustee - Appellee. | No. 09-17299<br><br>D.C. No. 2:08-cv-01018-LRH-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 8, 2011[**]

Before:　　FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

　　Thomas Hantges appeals from the district court's order affirming the

bankruptcy court's order denying his "keepsake" exemption claims in his Chapter

11 bankruptcy proceedings.  We have jurisdiction under 28 U.S.C. § 158(d).  We

review de novo the bankruptcy court's conclusions of law, and for clear error its

_____

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

factual findings. *Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009). We review de novo the district court's decision on appeal from a bankruptcy court. *Id.* We affirm.

The bankruptcy court properly determined that Hantges was not entitled to unlimited exemptions for a watch, a diamond ring, and two Liberty Dimes, because the evidence on record demonstrated that the items were not "keepsakes." Nev. Rev. Stat. § 21.090(1)(a).

The bankruptcy court did not abuse its discretion in denying Hantges's reconsideration motion because he failed to present newly discovered evidence or show manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for abuse of discretion, setting forth grounds for reconsideration, and stating that "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence[]'" (citation omitted)).

Hantges's remaining contentions are unpersuasive.

Carmel's request for sanctions under Federal Rule of Appellate Procedure 38 is denied.

**AFFIRMED.**