**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDDIE JIM MORRISON,

        Plaintiff - Appellant,

  v.

THE KROGER COMPANY, INC., an
Ohio corporation, d/b/a Fred Meyer,

        Defendant - Appellee.

No. 10-35342

D.C. No. 3:09-cv-05183-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

    Eddie Jim Morrison appeals pro se from the district court's summary

judgment in his diversity action alleging state law retaliation, wrongful discharge,

and personal injury claims against his former employer. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment on Morrison's retaliation claim under Wash. Rev. Code § 49.17.160 because the claim was time-barred. *See* Wash. Rev. Code § 49.17.160(2) (requiring plaintiff to file action within 30 days of a Department of Labor and Industries determination that there was no statutory violation).

The district court properly granted summary judgment on Morrison's claim alleging wrongful discharge in violation of public policy because Morrison failed to demonstrate the lack of an adequate alternate remedy. *See Cudney v. ALSCO, Inc.*, No. 83124-6, —P.3d—, 2011 WL 3849516, at *2-6 (Wash. Sept. 1, 2011) (plaintiff could not establish requisite "jeopardy" element of wrongful discharge claim because Washington Industrial Safety and Health Act adequately protects workers who report safety violations).

The district court properly granted summary judgment on Morrison's personal injury claims because Morrison raised no genuine dispute of material fact as to whether his former employer deliberately intended to produce his injuries. *See Vallandigham v. Clover Park Sch. Dist. No. 400*, 109 P.3d 805, 810 (Wash. 2005) (Washington's Industrial Insurance Act generally precludes employee

recovery for on-the-job injuries outside of the workers' compensation scheme, unless injury results to a worker from the employer's deliberate intention to produce such injury).

The district court did not abuse its discretion by denying Morrison's motions to compel discovery and for a discovery continuance. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Morrison's motion for reconsideration because Morrison set forth no basis for reconsideration. *See Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds for reconsideration).

We consider neither arguments that are raised for the first time on appeal nor issues not adequately raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Morrison's remaining contentions are unpersuasive.

**AFFIRMED.**