**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL LEE DUNSMORE, | No. 11-57141 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00083-IEG-WVG |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Darryl Lee Dunsmore appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Dunsmore's deliberate indifference claims because Dunsmore failed to allege facts in his second amended complaint sufficient to demonstrate that defendants' allegedly routine delays in providing him with his prescribed arthritis medication manifested deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058, 1060 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health, and a showing of medical malpractice or negligence is insufficient to establish an Eighth Amendment violation).

The district court properly dismissed Dunsmore's retaliation claims because Dunsmore failed to allege sufficient facts to connect alleged acts of retaliation with the exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim); *Resnick*, 213 F.3d at 449.

The district court properly dismissed Dunsmore's claims against the supervisory defendants because Dunsmore failed to allege facts in his second amended complaint sufficient to demonstrate either the supervisors' personal involvement in the alleged constitutional deprivations or a sufficient causal

connection between any supervisor's wrongful conduct and the constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for supervisory liability).

The district court did not abuse its discretion in denying Dunsmore's motion to reconsider because Dunsmore failed to demonstrate any ground for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief).

We need not consider Dunsmore's contentions concerning exhaustion of administrative remedies because the district court did not ultimately dismiss on that basis.

Dunsmore's appeal of the denial of his motions for a preliminary injunction is moot. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (futile to review a district court's ruling on a request for preliminary relief where the district court has already issued a decision on the merits).

Dunsmore's motion for further enforcement of declaratory order, filed on August 17, 2012, is denied.

**AFFIRMED.**