**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN CORTLAND, | No. 11-35973 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05489-BHS |
| v. | |
| JEFFREY SCOTT MYERS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Brian Cortland appeals pro se from the district court's judgment dismissing

his action under 42 U.S.C. §§ 1983 and 1985(3) alleging that defendants failed to

comply with Washington's Public Records Act.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo the district court's dismissal for failure to state a claim.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm.

The district court properly dismissed Cortland's claim under 42 U.S.C. § 1983 because Cortland failed to allege that defendants deprived him of a federal right.  *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.").

The district court properly dismissed Cortland's claim under 42 U.S.C. § 1985(3) because Cortland failed to allege that racial or other class-based discriminatory animus motivated the alleged conspiracy to deprive him of his rights.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (to state a claim under § 1985(3), "a plaintiff must show, *inter alia*, . . . that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action'" (alteration in original; citation omitted)).

The district court did not abuse its discretion in denying Cortland's motion for reconsideration because Cortland did not allege any stand-alone state law claims in his second amended complaint.  *See Sch. Dist. No. 1J, Multnomah Cnty.,*

*Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse

of discretion and setting forth grounds for reconsideration).

**AFFIRMED.**