**CHUNG CHUNG KAO, Plaintiff–Appellant,**

v.

**J. DELFIN, Correctional Officer, Defendant–Appellee.**

No. 13–56496.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2015.*

Filed March 27, 2015.

Chung Chung Kao, San Quentin, CA, pro se.

Janine K. Jeffery, Esquire, Reily & Jeffery, Inc., Northridge, CA, for Defendant–Appellee.

---

*See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Chung Kao, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment because Kao failed to raise a genuine dispute of material fact as to whether Delfin took an adverse action against Kao that was in response to protected conduct and did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (elements of a retaliation claim in the prison context); *Bruce v. Ylst*, 351 F.3d at 1289.

The district court did not abuse its discretion in denying Kao's motion to file a late opposition because he failed to establish excusable neglect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir.2010) (standard of review and factors for determining whether neglect is excusable).

The district court did not abuse its discretion in denying Kao's motion to reconsider because Kao failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir.1993)

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(standard of review and grounds for reconsideration).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.