NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUNNAR H. MERTZ, AKA G. H. Mertz, | No. 14-35257 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-00260-AC |
| v. | |
| AMERICAN FAMILY INSURANCE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Gunnar H. Mertz, a.k.a. G.H. Mertz, appeals pro se from the district court's

summary judgment in his action seeking coverage under an insurance policy issued

under the National Flood Insurance Act of 1968 of various items allegedly

damaged in a flood.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Mertz failed to raise a genuine dispute of material fact as to whether he submitted the required proof of loss for the items he claims should have been covered under the policy. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 394 (9th Cir. 2000) ("[A] claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment. . . . Congress, through a valid act of delegation to FEMA, has authorized payment of flood insurance funds to only those claimants that submit a timely sworn proof of loss."); *see also* 44 C.F.R. Pt. 61, App. A (1), §VII (J)(4) (establishing a proof of loss and its required elements as a condition precedent to recovery under the policy).

The district court did not abuse its discretion in denying Mertz's motion for reconsideration because Mertz failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**