NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY LAWRENCE GUNDERSON, AKA Jeremy L. Gunderson, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MAUREEN JOHNSON, Assistant Facility Health Administrator at Eyman/Corizon; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> CORIZON, <br><br> Defendant. | No. 19-16707 <br><br> D.C. No. 2:17-cv-01791-DWL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted March 3, 2020**

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Arizona state prisoner Jeremy Lawrence Gunderson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Gunderson's deliberate indifference claim against defendant Salyer because Gunderson failed to raise a genuine dispute of material fact as to whether he suffered any harm as a result of the delay in the treatment of his Hepatitis C. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to demonstrate deliberate indifference, a plaintiff must show a "purposeful act or failure to respond" and "harm caused by the indifference"); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (deliberate indifference claim premised on delay of medical treatment must show that the delay led to significant injury).

The district court properly granted summary judgment on Gunderson's deliberate indifference claim against defendant Johnson because Gunderson failed to raise a genuine dispute of material fact as to whether Johnson acted with deliberate indifference in responding to Gunderson's grievance. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk of harm to an inmate's health).

19-16707

The district court did not abuse its discretion by denying Gunderson's motion for reconsideration because Gunderson failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and setting forth grounds for reconsideration).

We reject as meritless Gunderson's contentions regarding defendants' misconduct during litigation.

Gunderson's motion to proceed in forma pauperis (Docket Entry No. 7) is denied as moot. Gunderson's motion for appointment of counsel (Docket Entry No. 8) is denied.

**AFFRIMED.**