82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Tana WOOD; Timothy Boutz, Defendants-Appellees.
 No. 95-35273.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights action. Balisok alleges that Timothy Boutz, Director of Education at the North Campus of the Walla Walla Community College ("WWCC") located at the Washington State Penitentiary ("WSP"), and Tana Wood, Superintendent of WSP, violated his due process rights by expelling him from a business math class as a sanction for having withheld information regarding a fellow classmate's attempt to cheat on an exam. Balisok also contends the district court abused its discretion by not granting his motion for reconsideration in which he claimed prison officials increased his sanction as retaliation for filing this lawsuit. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 A. Due Process Claim
 
 3
 We review de novo a grant of summary judgment. Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995). In analyzing claims alleging deprivation of procedural due process, courts must first determine whether the claimant has been deprived of a constitutionally-protected liberty or property interest. Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994).
 
 
 4
 Recently, the Supreme Court altered the test for determining whether a state has created a protected liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). In Sandin, the Supreme Court embraced the approach in Meachum v. Fano, 427 U.S. 215 (1976), which centered on whether the alleged deprivation was " 'within the normal limits or range of custody which the conviction has authorized the State to impose.' " Sandin, 115 S.Ct. at 2297 (quoting Meachum, 427 U.S. at 2538-39). The Sandin court further clarified that although a state may create a liberty interest protected by the Due Process Clause, that interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300.
 
 
 5
 Balisok's removal from the business class was not a dramatic departure from the normal limits or range of custody which Balisok's conviction has authorized Washington to impose. See id. at 2297. His expulsion did not impose an atypical and significant hardship on Balisok relative to the ordinary incidents of prison life. See id. at 2300. Accordingly, Balisok did not have a protected liberty interest in attending business class and the district court did not err by granting summary judgment for the defendants on Balisok's due process claim. See id.
 
 B. Denial of Motion for Reconsideration
 
 6
 We review for abuse of discretion the district court's denial of a motion for reconsideration under Fed.R.Civ.P. 59(e). School Dist. No. 1J, Multinomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).
 
 
 7
 Balisok claimed in his motion to reconsider that shortly after filing this lawsuit Boutz convinced Tom Paul, a member of the education review committee, to extend Balisok's expulsion from the class as retaliation for the filing of this lawsuit. Because the evidence of retaliation was available to Balisok well before he filed an opposition to the motion for summary judgment, and he did not explain his failure to present the evidence earlier, the new retaliation claims are not considered "newly discovered evidence" warranting reconsideration. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 n. 4 (9th Cir.1987); Fredrick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985). Because Balisok also failed to allege clear error, change in controlling law, or highly unusual circumstances, the district court did not abuse its discretion in denying the motion for reconsideration. See School District No. 1J, Multinomah County, Oregon, 5 F.3d at 1262.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3