141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard TERRY, Plaintiff-Appellant,
v.
Oregon Department of Transportation; Bob Bryant; Phil
Lewellyn; Jake Edwards; Dan Sankwich; Mountain
View Mall; Kathy Hovermale; Allen
Borland, Defendants-Appellees.
 No. 97-35527.
D.C. No. CV-94-06462-TMC.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Thomas M. Coffin, Magistrate Judge, Presiding.
 Before FLETCHER, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Terry appeals the magistrate judges' grant of summary judgment, initially and upon reconsideration, in favor of defendants the Oregon Department of Transportation ("ODOT") and its employees, and the Mountain View Mall ("Mall") and its employees in Terry's 42 U.S.C. § 1983 action alleging violation of his First and Fourth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see School Dist. No. 1J, Multnomah Co. v. ACandS, Inc., 5 F.3d 1255, 1258 (9th Cir.1993), and we affirm.
 
 
 3
 Because Terry failed to raise a material question of fact as to whether the ODOT employees deprived Terry of a federal right, the district court did not err by granting summary judgment. See 42 U.S.C. § 1983; School Dist. No. 1J, 5 F.3d at 1258.
 
 
 4
 The district court did not err by granting summary judgment to the Mall defendants, because Terry failed to raise a material question of fact as to whether the private security guard acted under color of state law when he arrested Terry. See Johnson v. Knowles, 113 F.3d 1114, 1118-20 (9th Cir.1997) (describing the Supreme Court's four tests to determine when private party acts under color of state law), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997); Collins v. Womancare, 878 F.2d 1145, 1147-56 (9th Cir.1989) (concluding that private party who made citizen's arrest did not act under color of state law).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3