UNITED STATES of America,
Plaintiff/Appellant,

v.

Christine WALLACE,
Defendant/Appellee.

No. 06CR1577 TUC JMR.

United States District Court,
D. Arizona.

Jan. 16, 2007.

Order Denying Reconsideration
March 12, 2007.

Jennifer Jean Maldonado, U.S. Attorney's Office, Tucson, AZ, for Plaintiff/Appellant.

## ORDER

ROLL, Chief Judge.

This order addresses the government's appeal of a Magistrate Judge's September 5, 2006, order in case 05–6921–MP [CRP] granting Defendant's motion to dismiss two citations Defendant received from the Forest Service for failure to pay a recreation fee while in the Mt. Lemmon recreation area. For the reasons stated below, this appeal is granted, the Magistrate Judge's order is vacated, and the citations are reinstated.

### Factual Background

The Mt. Lemmon High Impact Recreation Area (HIRA) is the land adjacent to the final twenty-eight miles of the Catalina Highway leading to the summit of Mt Lemmon. The HIRA is situated a half a mile on either side of the center line of the Congressionally designated, 26–mile Sky Island National Scenic Byway. The Forest Service operates a fee collection station located at milepost five on the Catalina Highway and requires payment of five dollars for a day permit to travel into the HIRA for certain activities. The signs posted along the highway state that a fee is required for all picnicking, camping, roadside parking, use of trailheads, and use of restrooms. The fee is waived if a person is traveling nonstop into and out of the HIRA, stopping only at scenic overlooks or vista points, or traveling to a private residence.

On September 10, 2005, Defendant parked her car at the locked entrance to a campground area in the Mt. Lemmon HIRA without paying a fee. The campground was closed, preventing access to any amenities. While Defendant was gone for a hike, a citation was placed on her vehicle for failure to pay a fee. On September 17, 2005, Defendant parked her car approximately 0.2 miles from a trailhead in the Mt. Lemmon HIRA without paying a fee. Defendant again went for a hike and, upon return, was served with a citation for failure to pay a fee.[1] Defendant refused to pay both citations.

---

1. Between May 2003 and July 2004, Defendant was issued four warning notices concerning the obligation of Mt. Lemmon HIRA users to pay a recreation fee.

Defendant argues that the Forest Service is in violation of the Federal Lands Recreation Enhancement Act (FLREA), 16 U.S.C. § 6802(f), by combining multiple recreation areas in the Mt. Lemmon HIRA and charging a recreation fee for use of any of the combined areas. Defendant further argues that, even if the Forest Service is allowed to combine recreation areas, the Mt. Lemmon HIRA fee is in violation of section 6802(d)(1)(A) of the FLREA, which forbids a recreation fee "solely for parking, undesignated parking, or picnicking along roads or trailsides." 16 U.S.C.A. § 6802(d)(1)(A). The Forest Service claims that the agency is allowed to combine areas under the FLREA, and the Mt. Lemmon HIRA fee is not charged *solely* for parking, but for use of the amenities in the HIRA *in combination* with parking.

### Procedural Background

Defendant filed a motion to dismiss the citations and, on September 4, 2006, a U.S. Magistrate Judge granted the motion. In so ruling, the Magistrate Judge interpreted the parking prohibition in 16 U.S.C.A. § 6802(d)(1)(A). The Magistrate Judge determined that (1) the word "solely" applies only to "parking" and not to "undesignated parking" or "picnicking," (2) "undesignated parking" means "undesignated parking at undeveloped sites," and (3) "parking" means "designated parking at undeveloped sites."

The result of this interpretation is that the Forest Service may charge a fee for *designated* parking, but not *undesignated* parking, even when the parking occurs in combination with the use of amenities at undeveloped sites. In applying this interpretation, the Magistrate Judge ruled that in regard to the first citation, Defendant parked along a road outside a closed campground, an *undesignated* parking area, and the Forest Service was prohibited from charging her a fee.

Because it is not clear where Defendant parked in regard to the second citation, the citation could not be resolved in an identical fashion. Instead, the Magistrate Judge found that the signs establishing notice of the required fee were contrary to the express statutory prohibitions on fee-collecting, making any attempt by the Forest Service to collect a parking fee from Defendant an *ultra vires* act. If the signs had not been inaccurate, Defendant could have chosen roadside parking and legitimately avoided paying the fee. Accordingly, the Magistrate Judge dismissed both citations.

The government filed a timely notice of appeal of the Magistrate Judge's order. Following briefing by the parties, oral argument on the appeal was held on December 4, 2006, before this Court.

### Legal Standards

■■ A magistrate judge's granting of a motion to dismiss is reviewed de novo. F.R.Crim. Proc. Rule 58(g)(2)(D) (scope of appeal is same as in an appeal to the court of appeals from district court judgment); *U.S. v. Ziskin,* 360 F.3d 934, 942 (9th Cir.2003) (district court's disposition of a motion to dismiss is a legal question reviewed de novo).

### A. The FLREA

This case turns on the statutory interpretation of the FLREA, § 6802(d) & (f). Under the FLREA, a standard amenity recreation fee may be charged for federal recreation lands that qualify as an "area" under section 6802(f). The FLREA limits the standard amenity recreation fees under section 6802(d). Shortly after the FLREA was enacted, the Forest Service issued interim implementation guidelines to ensure that existing recreation fee projects conformed to the requirements of the FLREA. The guidelines provide for charging a recreation fee for those high-

impact recreation areas (HIRAs) that meet all requirements in the FLREA as well as several additional criteria.

FLREA's legislative history indicates that Congress was concerned that the Forest Service would attempt to charge an entrance fee for access onto federal recreation lands where federal services are not provided.

### B.  Statutory Interpretation

■ For statutory interpretation, the Court applies the two-part test enunciated in *Chevron v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If Congress has directly spoken to the precise question at issue, the Court must give effect to the unambiguously expressed intent of Congress. *Id.* at 842–43, 104 S.Ct. 2778. However, if the Court determines that Congress has not directly addressed the precise question at issue, the Court does not impose its own construction. *Id.* Instead, when the statute is silent or ambiguous, the question for the Court is whether the agency's interpretation is based on a permissible construction of the statute. *Id.* The Court must reject constructions which are contrary to clear congressional intent or that frustrate the policy Congress sought to implement. *Schneider v. Chertoff,* 450 F.3d 944, 952 (9th Cir.2006).

■ A "strong presumption" exists that "the plain language of the statute expresses congressional intent." *Ardestani v. Immigration & Naturalization Serv.,* 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). This presumption is "rebutted only in rare and exceptional circumstances, when a contrary legislative intent is clearly expressed." *Id.*

■ In this case, the only interpretation of the FLREA by the agency is contained in the Forest Service's interim enforcement guidelines. However, the fact that the agency's interpretation is not a product of a formal process does not alone bar the application of *Chevron. See United States v. Mead,* 533 U.S. 218, 230–31, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (*Chevron* deference is sometimes allowed even when no formal administrative procedure was required or afforded). When reviewing the actions of a federal agency occurring without the promulgation of regulations, "the level of deference afforded 'will depend on the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *General Electric Co. v. Gilbert,* 429 U.S. 125, 140–46, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 139, 65 S.Ct. 161, 89 L.Ed. 124 (1944)).

Here, the Forest Service's interim implementation guidelines are both detailed and comprehensive, and incorporate and augment the criteria in FLREA for charging a recreation fee for an "area."

### Legal Analysis

Defendant argues that the Forest Service is not allowed to combine recreation areas under § 6802(f) or to charge a parking fee in the Mt. Lemmon HIRA under § 6802(d). The government argues that the Forest Service is allowed to combine areas under § 6802(f) and to charge for parking in the Mt. Lemmon HIRA *in combination* with other amenities. Accordingly, at issue is the statutory interpretation of § 6802(f) (what constitutes an "area") and § 6802(d) (what limits are placed on the recreation fee inside an "area").

### A.  "Area" under section 6802(f)

FLREA, 16 U.S.C. § 6802(f)(4) allows for a standard amenity recreation fee for

an area (A) that provides significant opportunities for outdoor recreation; (B) has substantial federal investments; (C)

where fees can be efficiently collected; and (D) that contains all of the following amenities: (i) Designated developed parking, (ii) A permanent toilet facility, (iii) A permanent trash receptacle, (iv) Interpretive sign, exhibit or kiosk, (v) Picnic tables, and (vi) Security services. 16 U.S.C. § 6802(f)(4).[2]

The Forest Service has interpreted § 6802(f) as allowing the agency to combine multiple "areas" with or without amenities if, cumulatively, all required amenities can be found in the area.[3] Defendant argues that the Forest Service's interpretation is prohibited because there are numerous undeveloped areas in the HIRA. Instead, Defendant argues that the Forest Service should be limited to charging a fee at each individual developed area within the Mt. Lemmon HIRA which contains the required amenities.

■ Deference to the Forest Service's interpretation of an "area" is appropriate. First, its interpretation is permissible under the language of the statute. There is no stated limitation in the FLREA on the scope of an "area." Congress did not specifically authorize the Service to combine areas, nor did it prohibit the Service from combining areas.

Second, the Forest Service's interpretation is not contrary to clear congressional intent nor does it frustrate any congressional policies. It appears from the legislative history surrounding the FLREA that Congress feared that the Forest Service would charge the public a fee for entering undeveloped federal recreation lands. While there are areas within the Mt. Lemmon HIRA which are undeveloped, there are many sites within the HIRA that have considerable amenities which are provided as a result of substantial federal investments.[4] Further, there are numerous other ways to access the Mt. Lemmon HIRA without having to pay a fee, such as by visiting only scenic overlooks, by using different access points outside the HIRA, or by coming to the HIRA on bike, horseback, or by foot.

Third, the Forest Service's decision to combine areas and charge by vehicle is essentially an issue of administrative efficiency and practicality. The Forest Service must be able to assess fees in a manner that will allow the agency to make sure the Mt. Lemmon HIRA patrons are charged for the federal resources they use in the HIRA. Further, nothing in § 6802(f) precludes the recreation fee from being assessed on each vehicle. Adoption of the Defendant's interpretation would undercut the Forest Service's enforcement authority and force the agency to patrol each area, ask each visitor to show proof of payment, and personally cite each violator.

Accordingly, deference should be granted to the Forest Service's interpretation of an "area" in the interim implementation guidelines. The Forest Service is allowed to combine "areas" under the FLREA.

**B. "Solely" in § 6802(d)(1)(A)**

■ The FLREA limits the standard amenity recreation fees under § 6802(d), including prohibiting fees "solely for park-

---

**2.** From the record, Mt. Lemmon HIRA meets the requirements under § 6802(f)(4), as well as the additional requirements for a HIRA under the Forest Services' interim guidelines.

**3.** Under the interim guidelines, a HIRA is a clearly delineated, contiguous area with specific, tightly defined boundaries that support concentrated recreation use in a travel corri-

dor and may include *a collection of recreation sites.* Govt.'s Response to Motion to Dismiss, Exhib. B, p 8–10 (emphasis added).

**4.** To qualify as an HIRA under the Forest Service guidelines, the area must meet the nine criteria set out in the FLREA, § 6802(f)(4), as well as four additional criteria.

ing, undesignated parking, or picnicking along roads or trailsides." 16 U.S.C.A. § 6802(d)(1)(A). The government argues that "solely" in § 6802(d)(1)(A) applies to "undesignated parking" not just to "designated parking." Under this interpretation, the Forest Service is prohibited from charging fees for parking if the agency fails to provide any amenities in combination with the parking. Again, deference to the Forest Service's interpretation is appropriate.

First, it is grammatically permissible to link "solely" with "parking," "undesignated parking," and "picnicking" in § 6802(d)(1)(A). According to general grammar rules, when "solely" is placed at the beginning of a series, it can apply to each word in the series. *See generally* R. Wydick, Plain English for Lawyers (5th ed.2005).

Second, the Forest Service's interpretation does not appear to conflict with the congressional intent behind the statute. Under the Forest Service's interpretation, the fee is not charged *solely* for parking. The fee is charged for using the Mt. Lemmon HIRA, which will necessarily include areas that otherwise would not be charged for—such as parking areas—but is made necessary for practical concerns as to how to assess a fee for the nearby services.

Third, linking "solely" with "designated parking" but not "undesignated parking" would create tremendous enforcement problems for the Forest Service. Under Defendant's interpretation, Mt. Lemmon HIRA patrons would be able to avoid paying a recreation fee for the nearby services by parking in *undesignated* areas, *e.g.*, the side of the winding mountainous road that leads up through Mt. Lemmon. This would leave the Service with no option but to constantly patrol every area that provides amenities.

Finally, § 6802(d) is not nullified if it is read to allow fees for parking in combination with amenities. While all locations that qualify as an "area" under § 6802(f) necessarily have the required amenities, the limitations in § 6802(d) also apply to National Conservation Areas, National Volcanic Monuments and destination visitor/interpretive centers. It is reasonable that Congress was concerned that an agency may charge a fee to park at one of these areas without providing any amenities because amenities are not specifically required by statute in these areas. The Forest Service's interpretation does not necessarily nullify the limitations set out in § 6802(d).

### C. *The Signs*

██ The Forest Service is required to post clear notice of the recreation fee in each fee area. 16 U.S.C.A. § 6803(e)(1). While the FLREA states that no fees are allowed for roadside parking, the signs advising of the Mt. Lemmon HIRA fee state that a fee must be paid for roadside parking. The Magistrate Judge found that the signs were contrary to the express statutory prohibitions on fee-collecting and were, accordingly, a nullity. However, the signs provide notice of *who* is required to pay a fee, not notice of *the basis* of the fee under FLREA. The signs merely inform people that if they enter the Mt. Lemmon HIRA and participate in any of the listed activities, *e.g.* roadside parking, they are availing themselves of the Mt. Lemmon HIRA amenities and are, therefore, required to pay a recreation fee. The signs provide proper notice as required under the statute.

Accordingly,

**IT IS ORDERED** that this appeal is **GRANTED.** The Magistrate Judge's September 4, 2006 order is **VACATED** and the two citations Defendant received from the Forest Service for failure to pay a recreation fee are **REINSTATED.**

**IT IS FURTHER ORDERED** that counsel should contact Magistrate Judge Pyle's chambers to set a status conference for the disposition of the citations or to proceed to trial in 05–6921–MP [CRP] within ten days of the date of the filing of this order.

## ORDER ON RECONSIDERATION

Pending is Defendant's motion for reconsideration of the Court's order dated January 16, 2007, which turned on the interpretation of the Federal Lands Recreation Enhancement Act (FLREA), 16 U.S.C. § 6802(f).

Under Rule 59, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J. Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). Defendant argues that the Court has committed clear error because (1) *Chevron* and *Skidmore* deference is impermissible when interpreting statutes with criminal penalties, and (2) the rule of lenity is applicable.

The Supreme Court has explicitly rejected the argument that "the rule of lenity should foreclose any deference to the Secretary's interpretation...because the statute includes criminal penalties." *Babbitt v. Sweet Home Chapter of Communities,* 515 U.S. 687, 704 n. 18, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995); *see, e.g., Reno v. Koray,* 515 U.S. 50, 60, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (treating with "some deference" under *Chevron* a BOP internal agency guideline interpreting a statute whose meaning was disputed because the guideline involved a permissible construction of the statute). Further, it is only in circumstances where text, structure, and history fail to resolve the ambiguity, that the Court applies the rule of lenity and resolves the ambiguity in the defendant's favor. *United States v. Granderson,* 511 U.S. 39, 51–55, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994); *see also Unted States v. Bass,* 404 U.S. 336, 346, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Here, after reference to the text, structure, and history of the FLREA, this Court was able to resolve any ambiguities in the statute.

A review of the record indicates that reconsideration is not warranted on any of the above grounds.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration is **DENIED.**