MEMORANDUM **
Michael O. DeVaughn, a California state prisoner, appeals pro se from the district court’s orders denying his post-judgment motions to set aside the judgment and for reconsideration after dismissing without prejudice his 42 U.S.C. § 1983 action for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Minn. Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 987 (9th Cir.1999) (motion for reconsideration), Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir.2000) (motion for relief from judgment), and we affirm.
The district court did not abuse its discretion by denying DeVaughn’s Fed. R.Civ.P. 60(b) motion to set aside the judgment. DeVaughn’s arguments that defendants instigated an illegal investigation of him and confiscated his legal files more than two years after his complaint was filed did not justify setting aside the judgment. See Sch. Dist No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) (setting forth elements for reconsideration under Rule 60(b)).
.The district court did not abuse its discretion by denying DeVaughn’s Fed. R.Civ.P. 59(e) motion to reconsider because it was untimely. See Fed.R.Civ.P. 59(e) (requiring that a motion to alter or amend judgment “shall be filed no later than 10 days after entry of judgment”).
DeVaughn’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.