**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRUDENTIAL EQUITY GROUP, LLC, | No. 08-15972 |
| Plaintiff - Appellee, | D.C. No. 2:07-CV-00801-EHC |
| v. | |
| ARLENE D. ROWLAND, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Arlene D. Rowland appeals pro se from the district court's judgment

confirming an arbitration award in favor of Prudential Equity Group, LLC under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LBS/Research

the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and denying her motions for reconsideration under Fed. R. Civ. P. 59(e) and 60(b). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the confirmation of an arbitration award and review for clear error any district court factual findings that underlie its decision. *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1485 (9th Cir. 1991). We review for abuse of discretion the denial of a motion for reconsideration. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly confirmed the arbitration award because Prudential filed a timely application, the parties agreed that a court could enter judgment upon the arbitration award, and neither party moved to vacate, modify, or correct the award as prescribed by the FAA. *See* 9 U.S.C. § 9 (a court must grant an application to confirm an arbitration award brought within one year after the award is made so long as the parties who arbitrated the dispute agreed that a court would be able to enter judgment upon the arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title").

Further, contrary to Rowland's contentions, the district court correctly concluded that venue was proper because the award was issued in Arizona and the district court had diversity jurisdiction. *See* 9 U.S.C. § 9 (if no court is specified in

an arbitration agreement then a party may apply "to the United States court in and for the district within which such award was made"); *Carter v. Health Net of Calif., Inc.,* 374 F.3d 830, 836 (9th Cir. 2004) (FAA is not a grant of subject matter jurisdiction and therefore a federal court must have an independent jurisdictional basis).

The district court also did not abuse its discretion in denying Rowland's motions for reconsideration because she did not demonstrate grounds for such relief. *See Sch. Dist. No. 1J*, 5 F.3d at 1262-63 (setting forth requirements for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Rowland's remaining contentions are not persuasive.

**AFFIRMED.**