**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE ELLEN FLANAGAN, | Nos. 08-17368 |
| | 08-17694 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00333-LKK- |
| | GGH |
| v. | |
| BENICIA UNIFIED SCHOOL | MEMORANDUM[*] |
| DISTRICT, a local government agency; | |
| SHALEE CUNNINGHAM, | |
| | |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

In Appeal No. 08-17368, Laurie Ellen Flanagan appeals pro se from the

district court's judgment dismissing her action as a sanction for failing to comply

with her discovery obligations, and from the order denying her motion for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these appeals are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion both the dismissal of an action under the district court's inherent powers and the denial of a motion for reconsideration. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by dismissing Flanagan's action for failing to comply with her discovery obligations, where the court previously imposed monetary sanctions on Flanagan's attorney for failing to provide timely and proper initial disclosures, Flanagan never provided complete initial disclosures, Flanagan refused for many months to respond substantively to legitimate discovery requests, and the court found that defendants were prejudiced. *See Anheuser-Busch, Inc.*, 69 F.3d at 348 (listing factors to be considered before imposing the sanction of dismissal).

The district court also did not abuse its discretion by denying Flanagan's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because Flanagan did not present newly discovered evidence, demonstrate clear error or manifest injustice, or show an intervening change in the controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 1263.

08-17368

We lack jurisdiction to review Flanagan's challenge to the district court's order imposing monetary sanctions against her former attorney. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (party lacks standing to appeal an order imposing sanctions against his or her attorney).

Flanagan's remaining contentions are not persuasive.

In Appeal No. 08-17694, appellants have abandoned their challenge to the district court's order denying their request for costs because they do not raise it in their brief. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**AFFIRMED.**