FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 26 2012

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH HOPE FOREMAN, | No. 10-55868 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05474-SVW-JC |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION; ONEWEST BANK, FSB, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| INDYMAC FEDERAL BANK, FSB, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 18, 2012[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     LEAVY, PAEZ, and NGUYEN, Circuit Judges.

Deborah Hope Foreman, an attorney, appeals pro se from the district court's order dismissing her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal order. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Foreman's claims seeking money damages against the Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver because, in light of the FDIC's worthlessness determinations, Foreman's claims were moot. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007) (damages claim moot where there are no assets in the receivership to satisfy the claim).

The district court properly dismissed Foreman's negligence claim against the FDIC in its corporate capacity because Foreman did not sufficiently allege that the FDIC owed her a duty of care, which is "a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991).

The district court did not abuse its discretion by denying Foreman's motion to reconsider the order dismissing OneWest Bank because Foreman failed to establish any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**