**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK ALEXANDRE MISSUD, I, | No. 13-15357 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05468-EMC |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Patrick Alexandre Missud, I, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 putative class action alleging claims for

judicial and civic corruption in the fraudulent enforcement of local regulations

concerning towing, tree root services, sidewalk repairs, building inspections, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

related tax assessments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Missud's claims against the State of California on the basis of Eleventh Amendment immunity. *See Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005) (absent waiver, state and its agencies are immune under the Eleventh Amendment from private actions in federal court).

The district court properly dismissed Missud's claims against the City and County of San Francisco, and its affiliated departments and agencies, because Missud failed to allege sufficient facts to state a cognizable claim under federal law or raise a substantial federal issue. *See South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (discussing requirements for federal question jurisdiction under 28 U.S.C. § 1331); *see also Cholla Ready Mix, Inc.*, 382 F.3d at 973 (courts need not accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences).

The district court did not abuse its discretion in denying Missud's first motion for reconsideration because Missud failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors regarding reconsideration under Fed. R. Civ. P. 59(e)).

We do not review the district court's order denying Missud's second motion for reconsideration because Missud did not file an amended notice of appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

Missud's motions dated July 17 and 24, 2013 for judicial notice of voluminous irrelevant documents filed with the district court, including those filed during the pendency of this appeal, are denied. *See* Fed. R. Evid. 201.

Missud's contentions regarding alleged corruption in the federal and state judiciaries, fraud, and conspiracies against him, are unpersuasive.

**AFFIRMED.**