**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH KEMP, | No. 12-16259 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02002-PMP-VCF |
| v. | |
| HOWARD SKOLNIK, Director of NDOC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

California state prisoner Keith Kemp appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging violations of various

rights stemming from his placement in segregated housing.  We have jurisdiction

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Kemp's claims alleging improper classification and retaliatory transfer because Kemp failed to exhaust his administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Because Kemp does not raise any arguments regarding the district court's dismissal of the remaining counts of his Sixth Amended Complaint, he waives any such challenge on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (internal citation omitted)).

The district court did not abuse its discretion by denying Kemp's untimely motion for an extension of time to oppose defendants' motion to dismiss. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (setting forth the standard of review for extension requests.)

The district court did not abuse its discretion by denying Kemp's motion for reconsideration because Kemp failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth the standard of review and grounds for reconsideration).

Kemp's contention that the district court improperly denied his motions for a preliminary injunction and a temporary restraining order requesting access to the prison law library and legal assistance is unpersuasive.

**AFFIRMED.**