**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, <br><br>                Plaintiff - Appellee, <br><br>   v. <br><br> BRADLEY D. MITTMAN, M.D., DBA Frontrunners Board Review, AKA Frontrunners Publishing, <br><br>                Defendant - Appellant. | No. 10-56981 <br><br> D.C. No. 8:08-cv-00929-AG-MLG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD and BYBEE, Circuit Judges.

   Bradley D. Mittman, M.D., DBA Frontrunners Board Review, AKA

Frontrunners Publishing, appeals pro se from the district court's default judgment

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in the American Board of Internal Medicine's ("ABIM") action alleging violations of the Copyright Act and state law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 912-13 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in entering default judgment as a sanction for Mittman's repeated failure to comply with his discovery obligations. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (district court may enter default judgment as a sanction for failure to comply with a discovery order); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (setting forth factors that a district court must consider before imposing the sanction of default).

The district court did not abuse its discretion in awarding attorney's fees in connection with ABIM's motions to compel because Mittman's nondisclosures in response to discovery requests were not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A) (district court must require the party whose conduct necessitated a successful motion to compel to pay reasonable expenses, including attorney's fees, unless the party's nondisclosure was substantially justified).

The district court properly dismissed Mittman's counterclaim as time-barred because Mittman filed it after the statute of limitations had run. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (reviewing

de novo); *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 236, 238 (9th Cir. 1987) (four-year statute of limitations for Sherman Antitrust Act claims; only a "new and independent act" that inflicts "new and accumulating injury" will restart the limitations period).

The district court did not abuse its discretion in denying Mittman's motion for reconsideration because Mittman provided no new evidence or argument supporting the motion. *See Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for granting a motion for reconsideration).

Mittman's contention that the district court failed to consider his arguments and filings is unpersuasive.

**AFFIRMED.**

10-56981