**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDILITO TUMBAGA; et al., | No. 12-35852 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-00247-SLG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 14, 2014
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Fredilito Tumbaga appeals the district court's entry of judgment for the

United States following a bench trial on his medical malpractice claims under the

Federal Tort Claims Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

review questions of law *de novo*, *United States v. Roblero-Solis*, 588 F.3d 692, 698

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(9th Cir. 2009); the district court's factual determinations for clear error, Fed. R. Civ. P. 52(a)(6); and its rulings on the admissibility of expert testimony and denial of a motion to amend the judgment for abuse of discretion, *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 977 (9th Cir. 2009); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not clearly err in finding that the Alaska Native Medical Center physicians' failure to diagnose Tumbaga's left vertebral artery dissection and first stroke was not a substantial factor in causing or exacerbating his second stroke. *See* Alaska Stat. § 09.55.540 (outlining the plaintiff's burden of proof in malpractice cases); *Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 290 (Alaska 2012) (stating that the "cental question" in the proximate cause analysis is "whether the conduct has been so significant and important a cause that the defendant should be legally responsible" (internal quotation marks omitted)).

Tumbaga argues that had the dissection and first stroke been diagnosed, he would have been prescribed Heparin, a blood thinner, or aspirin. We reject the argument. The district court's factual determination that Tumbaga had failed to show that Heparin or aspirin would have prevented or decreased the severity of the second stroke was not clearly erroneous. Expert testimony established that Heparin would have been dangerous for someone in Tumbaga's condition.

2

Although several experts testified to the contrary, the district court need not explain its basis for rejecting such testimonies. *See Hashimoto v. Dalton*, 118 F.3d 671, 681-82 (9th Cir. 1997) (stating that the district court "is not required, in making findings, to mention every item of evidence and either adopt or reject it" and there is a presumption that the district court considered all of the evidence (internal quotation marks omitted)). Further, Tumbaga failed to identify evidence that aspirin would have prevented or ameliorated the second stroke.

Tumbaga argues that the district court misunderstood the causation element of negligent failure to diagnose because it erroneously required that the medical professional's treatment of Tumbaga was also negligent. We conclude that any such error was harmless. The district court's finding that Heparin or aspirin would not have prevented the second stroke or made it less severe effectively undercuts Tumbaga's only proffered theory as to how the failure to diagnose caused his injury. *See* 28 U.S.C. § 2111 (providing that on appeal, the court shall render judgment "without regard to errors or defects which do not affect the substantial rights of the parties").

Tumbaga contends that the district court erred in admitting the testimony of Dr. Joe Eskridge, an interventional neuroradiologist, because he was not qualified to testify regarding the standard of care expected of neurosurgeons in

3

administering Heparin.  The record reflects that Tumbaga failed to object to Dr.

Eskridge's qualifications at trial, and thus, Tumbaga's argument is waived.  *See*

*Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) (stating that

failure to challenge an expert's qualifications at trial results in waiver of the right

to raise objections to the substance of expert testimony post-trial).

Further, Tumbaga contends that the district court clearly erred in relying on

Dr. Eskridge's testimony to conclude that the failure to prescribe Heparin was not

negligent.  This argument fails: Dr. Eskridge administered Heparin frequently, and

his testimony was corroborated by ample evidence admitted at trial.

The district court did not abuse its discretion in denying Tumbaga's motion

to amend the judgment.   Tumbaga argues that the court's original decision gave

excessive weight to Dr. Eskridge's testimony and inadequately considered that of

another expert.  On this record, the district court did not clearly err in relying on

Dr. Eskridge's testimony, nor was it required to address explicitly each item of

evidence.  *See Hashimoto*, 118 F.3d at 681-82.

Tumbaga argues that the district court erred in ruling that, even if Alaska

accepted the loss-of-chance doctrine, under which a defendant is liable if his

conduct deprived the plaintiff of a chance for a better recovery, he would not

recover.  We reject the argument. The district court properly found that

administration of Heparin or aspirin—the only identified "chance" for Tumbaga to have avoided harm—would not have prevented the second stroke or reduced its severity.

We reject Tumbaga's argument that the district court abused its discretion by preventing Dr. Jayashree Srinivasan from testifying to certain effects of the second stroke.

**AFFIRMED.**