**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOURAV SAM BHATTACHARYA, | No. 13-17385 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01064-SRB |
| v. | |
| GREEN ORGANIZATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Sourav Sam Bhattacharya appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims in connection with alleged

violations of his privacy.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Bhattacharya's action because Bhattacharya failed to allege facts sufficient to state any plausible claim. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying as moot Bhattacharya's motion to compel Arizona State University to respond to written deposition questions before any defendant had been served. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a trial court has broad discretion to permit or deny discovery); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"); Fed. R. Civ. P. 31(a) (explaining that a party must seek leave of court to depose by written question any person "before the time specified in Rule 26(d)").

The district court did not abuse its discretion by denying Bhattacharya's motion for reconsideration because Bhattacharya failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject Bhattacharya's contention that the district court failed to address

his motion for joinder because the record reflects, and Bhattacharya concedes in his motion filed on February 12, 2014, that he never filed a motion for joinder.

All pending motions are denied.

**AFFIRMED.**