**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN S. EDWARDS, an individual, | No. 14-16114 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00066-MHB |
| v. | |
| CHARLES SCHWAB BANK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding[**]

Submitted July 26, 2016[***]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Stephen S. Edwards appeals pro se from the district court's judgment

dismissing his civil action alleging federal claims related to his mortgage

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

documents. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Edwards' action because Edwards failed to allege facts sufficient to state a plausible claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that a complaint must allege more than labels and conclusions and must allege sufficient facts to support a cognizable legal theory); *see also Hebbe*, 627 F.3d at 341-42 (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

Denial of leave to amend was not an abuse of discretion because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review); *see also* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of the Real Estate Settlement Procedures Act); 15 U.S.C. § 1640(e) (an action for damages under the Truth in Lending Act must be brought within one year of the alleged violation); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint

do not permit a showing that the statute was tolled).

The district court did not abuse its discretion in denying Edwards' motion for reconsideration because Edwards did not demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for granting motion for reconsideration).

Edwards' contentions that the district court was biased and unfair are without merit.

**AFFIRMED.**