NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEE KENT HEMPFLING; SUESIE KENT HEMPFLING,

          Plaintiffs-Appellants,

 v.

KENT VOLKMER[*]; et al.,

          Defendants-Appellees.

No. 17-16329

D.C. No. 2:16-cv-03213-ESW

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding[***]

Submitted December 18, 2017[****]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Lee Kent Hempfling and Suesie Kent Hempfling appeal pro se from the

---

    [*]     Kent Volkmer has been substituted for his predecessor, M. Lando Voyles, as Pinal County Attorney under Fed. R. App. P. 43(c)(2).

    [**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [***]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [****]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing their 42 U.S.C. § 1983 action alleging due process violations in connection with prior state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed the Hempflings' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it constituted a prohibited "de facto appeal" of a prior state court judgment and raised a claim that was "inextricably intertwined" with that state court judgment. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) (*Rooker-Feldman* precludes adjudication where "the only redress [plaintiffs] seek is an 'undoing' of the prior state-court judgment." (internal quotation marks omitted)).

The district court did not abuse its discretion by denying the Hempflings' motion for reconsideration because the Hempflings failed to state any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60).

We do not consider issues raised by the Hempflings in their brief that are not supported by argument.  *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**