**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  ANTHONY PAUL MANRIQUE, | No. 16-56799 |
| Debtor. | D.C. No. 5:16-cv-00708-DOC |
| ———————————————— | |
| ANTHONY PAUL MANRIQUE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| U.S. BANK, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Anthony Paul Manrique appeals pro se from the district court's order

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's order denying Manrique's Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005). We affirm.

The bankruptcy court did not abuse its discretion by denying Manrique's Rule 60(b) motion because Manrique failed to demonstrate any grounds for relief. *See* Fed. R. Bankr. P. 9024 (making Rule 60 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 60(b)).

The district court properly determined that Manrique's appeal of the bankruptcy court's underlying order was untimely because Manrique failed to file the notice of appeal with the bankruptcy clerk within 14 days of entry of the order as required by Fed. R. Bankr. P. 8002(a)(1). *See* 28 U.S.C. § 158(c)(2) (an appeal to the BAP or district court from a bankruptcy court must be taken within the time provided by Fed. R. Bankr. P. 8002); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional . . . .").

We reject as unsupported by the record Manrique's contentions that the

bankruptcy court and the district court violated due process in relation to

Manrique's Rule 60(b) motion.

**AFFIRMED.**