**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIM KERRIGAN, | No. 17-35174 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01528-JCC |
| v. | |
| QUALSTAR CREDIT UNION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Kim Kerrigan appeals from the district court's judgment dismissing her action alleging Fair Debt Collection Practices Act and Washington state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal

_____

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6).  *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008).  We affirm.

The district court properly dismissed Kerrigan's quiet title claim because Kerrigan failed to allege facts sufficient to show that the statute of limitations bars any threatened foreclosure action.  *See* Wash. Rev. Code § 7.28.300 (providing for quiet title action by record owner of real estate where an action to foreclose on a mortgage or deed of trust on the real estate would be barred by the statute of limitations); *Edmundson v. Bank of Am., N.A.*, 378 P.3d 272, 276-77 (Wash. Ct. App. 2016) (stating that "the deed of trust foreclosure remedy is subject to a six-year statute of limitations" and "when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due"); *Bingham v. Lechner*, 45 P.3d 562, 566-68 (Wash. Ct. App. 2002) (holding that the commencement of a nonjudicial foreclosure tolls the statute of limitations).

The district court did not abuse its discretion by denying Kerrigan's request for certification to the Washington Supreme Court because Kerrigan failed to show that Washington law regarding whether a nonjudicial foreclosure tolls the statute of limitations for reinstituting foreclosure "has not been clearly determined."  Wash. Rev. Code § 2.60.020; *see Thompson*, 547 F.3d at 1059 (standard of review); *Bingham*, 45 P.3d at 566-68.

The district court did not abuse its discretion by denying Kerrigan's request for leave to amend the complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is permitted when amendment would be futile).

The district court did not abuse its discretion by denying Kerrigan's Federal Rule of Civil Procedure 59(e) and 60(b) motion because Kerrigan did not establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e) and Rule 60(b)).

We reject as meritless Kerrigan's contention that the district court lacked subject matter jurisdiction over this case. *See* 28 U.S.C. § 1331 (granting jurisdiction over civil actions arising under federal law).

**AFFIRMED.**