**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS HINES,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>CLEARWATER PAPER CORPORATION,<br><br>  Defendant-Appellee. | No.   19-15336<br><br>D.C. No. 2:17-cv-01688-APG-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Dennis Hines appeals pro se from the district court's judgment enforcing the terms of a settlement agreement in his action alleging federal age discrimination claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's enforcement of a settlement agreement, *Doi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and for clear error the district court's findings of fact, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988). We affirm.

The district court did not abuse its discretion in enforcing the settlement agreement because the district court's findings that Hines agreed to the terms of the settlement agreement, and that Hines did not assent under duress, were not clearly erroneous. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *May v. Anderson*, 119 P.3d 1254, 1256-57 (Nev. 2005) (setting forth essential elements to the existence of a contract under Nevada law and noting that a contract may be formed "when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later."); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").

The district court also did not abuse its discretion in denying Hines's motion for reconsideration because Hines failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration).

We reject as unsupported by the record Hines's contention that the magistrate judge was biased during the early neutral evaluation.

**AFFIRMED.**