NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WITOLD KOWBEL, | No. 19-55936 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-07896-JAK-AS |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| C.L. MAX NIKIAS, USC President; AINSLEY CARRY, USC Vice President of Student Affairs, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted October 26, 2020[**]

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Witold Kowbel appeals pro se from the district court's judgment dismissing his diversity action alleging a breach of implied contract claim against defendant University of Southern California arising out of Kowbel's son's academic disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Kowbel's breach of implied contract claim because Kowbel failed to allege facts sufficient to show the existence of an implied contract between himself and the University of Southern California. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Retired Emps Ass'n. of Orange Cty., Inc. v. County of Orange*, 266 P.3d 287, 291 (Cal. 2011) ("[A] contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal for failure to state a claim, we do not consider the parties' remaining arguments regarding the rule of judicial nonintervention into the academic affairs of schools.

2                                                                     19-55936

The district court did not abuse its discretion by dismissing Kowbel's operative second amended complaint without further leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Kowbel's motion for reconsideration because Kowbel failed to demonstrate any basis for relief. *See* C.D. Cal. L.R. 7-18 (explaining the grounds for reconsideration and noting that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion"); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review for a district court's enforcement of local rules); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59).

We reject as meritless Kowbel's contentions regarding the exhaustion of judicial remedies.

**AFFIRMED.**