NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLETTE CLAIRE SAVAGE, | No. 20-17297 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-07994-DMR |
| v. | |
| MARK SAVAGE, Fiduciary/Trustee, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding**

Submitted August 17, 2021***

Before:    SILVERMAN, CHRISTEN, and LEE , Circuit Judges.

Colette Claire Savage appeals pro se from the district court's judgment in

her diversity action challenging past Texas and California state court judgments.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c)

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Savage's request for oral argument, set forth in the opening brief, is denied.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Savage's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "forbidden de facto appeal" of prior state court decisions and Savage raised claims that were "inextricably intertwined" with those state court decisions. *See id.* at 1163-65 (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker–Feldman* doctrine bars "inextricably intertwined" claims where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Savage's postjudgment motions for reconsideration because Savage failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rules 59(e) and 60(b)).

**AFFIRMED.**