**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

RAYMOND TATE,

    Plaintiff-Appellant,

 v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 23-55356

D.C. No. 2:15-cv-09323-FMO-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 18, 2025[**]

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

 Raymond Tate, a federal prisoner, appeals pro se from the district court's

judgment following a bench trial in his action under the Federal Tort Claims Act

("FTCA") arising from a stabbing by another inmate. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's legal conclusions and for

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

clear error its findings of fact. *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 793 (9th Cir. 2003). We affirm.

The district court properly concluded that the discretionary function exception precluded Tate's negligence claim based on officer Batz's performance of her duties on the morning of the assault. *See* 28 U.S.C. § 2680(a); *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (explaining that the FTCA does not waive the government's sovereign immunity if the discretionary function exception applies); *Alfrey v. United States*, 276 F.3d 557, 565 (9th Cir. 2002) (holding that a prison official's judgment concerning what steps to take regarding inmate safety involves the kind of discretion protected by the discretionary function exception).

Contrary to Tate's contentions, the district court did not consider inadmissible evidence when making its findings of fact, and Tate has not otherwise identified clear error in the district court's findings of fact or its credibility determinations. *See* Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently.").

The district court did not abuse its discretion in denying Tate's motion to alter or amend the judgment and for relief from judgment because Tate failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rules of Civil Procedure 59 and 60).

Tate's motion for a second extension of time to file his reply brief (Docket Entry No. 27) and his motion to correct the supplemental excerpts of record (Docket Entry No. 28) are denied as unnecessary. The court has reviewed Tate's reply brief, which was timely filed, and filings cited in the parties' briefs.

**AFFIRMED.**