NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN ERIC WALKER,

               Plaintiff-Appellant,

  v.

UNITED STATES OF AMERICA; STATE
OF CALIFORNIA; DOES, 1 through 100,

               Defendants-Appellees.

No. 23-55525

D.C. No. 3:20-cv-00031-DMS-AGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Steven Eric Walker appeals pro se from the district court's order dismissing

his constitutional challenge to firearms restrictions for persons convicted of a

felony.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under 28 U.S.C. § 1915(e)(2).  *Watison v. Carter*, 668 F.3d 1108, 1112

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012).  We affirm.

The district court properly dismissed Walker's action because Walker failed to allege facts sufficient to state any plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022) (setting forth the standard for evaluating Second Amendment claims); *United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) (en banc) (explaining that the Second Amendment permits "permanent and categorical disarmament of felons").

The district court did not abuse its discretion in denying Walker's motions to vacate dismissal and judgment because Walker failed to set forth any basis for relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

Walker's request to exceed the page limit in his fourth motion to lift abeyance (Docket Entry No. 31) is granted.  All other pending motions and requests are denied.

**AFFIRMED.**

23-55525